IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-01192-CMA

DANIEL A. ARAGON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

    Defendant.

## ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES

This matter is before the Court on Plaintiff's "Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412."  (Doc. # 24.) For the reasons discussed below, the Court grants the motion.

## I. BACKGROUND

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 10), as well as in the briefing on the merits both parties submitted (Doc. ## 13–15) before the hearing this Court held on March 15, 2013 (*see* Doc. # 19).  At that hearing, the Court reversed the October 29, 2010 decision of the Administrative Law Judge ("ALJ") and remanded the matter to Defendant, the Commissioner of Social Security, for further proceedings.  (*See* Doc. ## 19 and 21.) Pursuant to the Court's Order, the Clerk of the Court entered Judgment in Plaintiff's

favor.  (Doc. # 20.)  Thereafter, Plaintiff filed the instant motion.[1]  (Doc. # 24.)  Plaintiff requests a total of $7,257.26 in attorney fees pursuant to the EAJA.  (*See* Doc. # 27 at 8.)

## II. DISCUSSION

**A.   WHETHER DEFENDANT'S POSITION WAS SUBSTANTIALLY JUSTIFIED**

Under the EAJA, a party that prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  As ample caselaw indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), he is a prevailing party for purposes of the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  Further, Defendant does not assert any special circumstances that would make an award of fees unjust.

The Commissioner bears the burden of demonstrating that her position was substantially justified – a test that, in this Circuit, "means [her] position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person."  *Harrold v. Astrue*, 372 Fed. Appx. 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations omitted).  "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified."  *Id.*  Further, EAJA fees "generally should be awarded

---

[1]  Defendant responded to Plaintiff's motion on June 19, 2013 (Doc. # 26), to which Plaintiff replied on June 26, 2013 (Doc. # 27).

where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (quotation marks and citation omitted).

In the instant case, the Court determined that the ALJ made several reversible errors. Specifically, the Court held that the ALJ had erred in: (1) simultaneously finding Plaintiff unable to work as a drywaller while also relying on Plaintiff's "capacity to continue working as a drywaller" (Doc. # 21 at 4–5 (quoting the ALJ's decision)); (2) relying on such post-onset work activity when the record clearly indicated that Plaintiff did not successfully perform this activity (*id.* at 5); (3) improperly discounting Plaintiff's physical restrictions due to an erroneous citation to alleged earnings statements that were not actually contained in the record and which led to the ALJ's mistaken belief that Plaintiff's post-onset work was more extensive than it really was (*id.* at 6); (4) failing to consider several 20 C.F.R. § 404.1527(c) factors with respect to the medical opinion of consultative examiner Dr. Mark Russell (*id.* at 10); (5) not weighing Dr. Russell's opinion according to any substantial evidence in the record (*id.* at 10–13); and (6) not basing his residual functional capacity ("RFC") assessment of Plaintiff on any substantial evidence in the record (*id.* at 13–17). These numerous errors show that the ALJ's factual findings were not supported by substantial evidence – *i.e.*, such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) – and that the ALJ did not consistently apply the correct legal standards. These errors were not

reasonably based in fact or law, and therefore Defendant's position was not substantially justified.

Defendant's assorted arguments do not compel a contrary conclusion. First, as usual, Defendant asserts that "[t]he standard for determining whether the Government's position is substantially justified pursuant to the EAJA is not the same as the substantial evidence standard required by the Social Security Act." (Doc. # 26 at 2 (emphasis deleted).) The Court is quite familiar with this legal maxim, which Defendant again correctly articulates. As is often the case, though, the problem for Defendant is that – as she points out in her response to the instant motion (*id.* at 2–3) – for the Commissioner's position to be substantially justified, she must rely on an arguably defensible administrative record. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). In the instant case, however, the administrative record is not arguably defensible, given the numerous factual and legal errors the ALJ committed.

Additionally, the Court rejects Defendant's apparent attempt to re-litigate the merits of Plaintiff's appeal. Despite Defendant's repeated arguments to the contrary (Doc. # 26 at 3–4), the Court did not find fault *per se* with the ALJ's consideration of Plaintiff's post-onset work activity, which the ALJ referred to as Plaintiff's "capacity to continue working as a drywaller."[2] Rather, the Court determined that the way in which the ALJ considered such activity was illogical, given the ALJ's simultaneous finding that Plaintiff did not have the capacity to continue working as a drywaller. (Doc. # 21 at 4-5.)

---

[2] In fact, the Court explicitly stated during the hearing that "the ALJ did not commit error in looking at plaintiff's post-onset work activity, because such activity may indicate that plaintiff was not disabled as he claims to be." (Doc. # 21 at 3.)

The Court also discerned reversible error in the ALJ's reliance on "state records" of purported earnings that were nowhere to be found in the administrative record. (*Id.* at 6.) Further, the Commissioner's position that "Plaintiff's performance of drywall work directly contradicted Dr. Russell's opinion that Plaintiff could do 'no' reaching with his left arm" (Doc. # 26 at 5) was also unreasonable because, as the Court noted during the hearing, the record is replete with instances showing that Plaintiff could not successfully perform his post-onset work activity. (Doc. # 21 at 5–6.)

Additionally, the Court rejects Defendant's renewed attempt to rely on various reasons the ALJ could have, but did not, assert for rejecting Dr. Russell's opinion. (Doc. # 26 at 5–7.) As Plaintiff correctly observes, "[t]he Court already determined that these are *post hoc* reasons." (Doc. # 27 at 5.) Defendant's position, which the Court understands to be that, because "the ALJ said he considered all of the evidence," the Commissioner can reasonably raise any evidence-based arguments in support of the ALJ's opinion (Doc. # 26 at 6), is directly contrary to the well-settled principle that the decision of an ALJ must be evaluated based upon the reasons he gives in his decision, *e.g.*, *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004). Thus, rejection of this position is a foregone conclusion.

**B.    REASONABLENESS OF THE FEE REQUEST**

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of his request. As previously indicated, Plaintiff seeks $7,257.26 in fees. (Doc. # 27 at 8.) This amount is calculated for 40.6 hours of work at the rate of $178.75 per hour. (*See* Doc. ## 24 at 1; 27 at 7.) The Government does not

challenge Plaintiff's request as being unreasonable. (*See* Doc. # 26.) After reviewing Plaintiff's submission, the Court finds reasonable both the hours spent, and the rate at which they were billed, in prosecuting this appeal.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's "Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412" (Doc. # 24) is GRANTED. As such, it is

FURTHER ORDERED that Defendant shall pay Plaintiff $7,257.26 under the EAJA for his counsel's reasonable attorney fees.

DATED:  September __26__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge